UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 15-cv-23410-MGC

**MARCO DE BIASI,**
and other similarly situated individuals,

      Plaintiff(s),

v.

**SUGAR FACTORY OCEAN DRIVE, LLC.,**
a Foreign Limited Liability Company,
and **CHRISSA DAVIDOVICI**, individually,

      Defendants.
_____/

## SETTLEMENT AGREEMENT AS TO CLAIMS FOR UNPAID WAGES

This Settlement Agreement ("Agreement") is made by Plaintiff, **MARCO DE BIASI** ("De Biasi") and Defendants, **SUGAR FACTORY OCEAN DRIVE, LLC.,** ("Sugar Factory") **and CHRISSA DAVIDOVICI** ("Davidovici") (Collectively, SF & D shall be referred to as "Defendants"). All parties collectively, "the Parties". The individual executing this Agreement on behalf of Defendant has all requisite capacity, power, and authority to execute and bind SF to this Agreement, and to perform all obligations hereunder.

WHEREAS, Plaintiff filed a lawsuit in the United States District Court, Southern District of Florida, Case No.:14-24131-CIV-Lenard/Goodman, for alleged Fair Labor Standards Act violations, against Defendants; and

WHEREAS, Defendants deny any wrongdoing and deny Plaintiff's claims; and

WHEREAS, "Defendants" shall include their incorporators, Board of Directors, officers,

                                                                                                      MDB   03-22-2016
                                                                                                      Initials        Date

                                                                                                            _____  _____
                                                                                                      Initials        Date

owners, shareholders, servants, agents, insurers and its insurers' current and former agents, attorneys, employees, representatives, successors, assigns, partners, affiliates, all current, past and future subsidiaries, parents, related and affiliated corporations, sister corporations, divisions, branches, members, and any person, partnership, corporation, association, organization or entity acting directly or indirectly in its interest, or as an employer in relation to Plaintiff, including any person or entity acting with or on behalf of Defendants, personally, officially, or in any capacity whatsoever, past and present; and

WHEREAS, "Plaintiff" shall include his heirs, successors, administrators, agents, assigns and attorneys, any other Parties of interest and/or representatives; and

WHEREAS, this Settlement Agreement is between Plaintiff and Defendants, and is hereinafter referred to as the "Agreement."

NOW, THEREFORE, in consideration of the covenants contained herein, the payment from and on behalf of Defendants to Plaintiff, and his heirs, successors, administrators, agents, assigns or attorneys, any other Parties of interest and/or representatives, and other valuable consideration, the receipt of which is hereby acknowledged, the Parties hereto agree as follows:

1. The foregoing recitals are true and correct.

2. **Plaintiff's Release.** Except for the obligations contained herein, Plaintiff and his attorneys do hereby irrevocably and unconditionally release, acquit, remise, and forever discharge Defendants and all included entities listed above from any and all rights, obligations, liens, wage and hour claims, wage and hour damages, wage and hour demands, relief, liabilities, equities, wage and hour actions and causes of action for wages, overtime pay, front or back pay, minimum wage, income from any source, declaratory or injunctive relief, lost benefits,

| TDB | 03-02-2016 |
|---|---|
| Initials | Date |

| | |
|---|---|
| Initials | Date |

commission, liquidated damages, compensatory or punitive damages, money, remuneration, attorneys' fees, costs, expert's fees and costs, expenses, or thing of value whatsoever, by Plaintiff against Defendants, including but not limited to claims arising under or relating to:

    A.    The Fair Labor Standards Act, 29 U.S.C. §§ 201, 206 and 207, *et seq.*

    B.    Article X § 24, Florida Constitution, Florida Minimum Wage Amendment; and

    C.    The Equal Pay Act of 1963.

Plaintiff further agrees that it is the express intent of Plaintiff to enter into this full and final settlement and compromise of any and all wage claims against Defendants.

Except for enforcement of this Agreement, if Plaintiff should later initiate or participate in any legal action or proceeding against Defendant, for any wage and employment claim arising or accruing before and through the effective date of this agreement, which he should not, this Agreement will be conclusive evidence that any such claims have been released.

3. **Dismissal of Civil Action.** Upon execution of this Agreement by all Parties, the Parties shall electronically file a joint stipulation for dismissal with prejudice, which shall specify that each party shall bear its own attorney's fees and costs incurred in the Federal Civil Action, except as otherwise agreed by the Parties. The Parties further agree to take any additional action as required by the Court to obtain full dismissal with prejudice of the Federal Civil Action. The Parties shall cause to be filed a Stipulation for Dismissal WITH PREJUDICE of Plaintiff's pending claims against Defendants as set forth herein. The effectiveness of the Parties' Stipulation for Dismissal shall be conditioned upon the Court's entry of an order retaining jurisdiction to enforce the terms of this settlement agreement.

          _NDB_    _03-02-2016_
          Initials      Date

          _____  _____
          Initials      Date

4. **Settlement Payment**. As settlement for Plaintiff's claims referenced herein, Defendants agree to total payment in the amount of Four Thousand, Two Hundred and Fifty Dollars ($4,250.00), to be paid within twenty (20) days of approval from the Court of this settlement. Defendants will mail or deliver the settlement proceeds to Anthony M. Georges-Pierre, Remer & Georges-Pierre, PLLC, Courthouse Tower, 44 West Flagler Street, Suite 2200, Miami, Fl 33130. The settlement amounts are to be drafted as follows:

A. Check #1 to Plaintiff in the amount of Two Thousand and Sixty-Nine Dollars ($2,069.00), in consideration of alleged unpaid wages, minus relevant applicable withholdings and deductions;

B. Check #2 to REMER & GEORGES-PIERRE, PLLC (EIN 36-4623742) in the amount of Two Thousand, One Hundred and Eighty-One Dollars ($2,181.00), in consideration of attorneys' fees and costs.

In the event payment is not timely received, Plaintiff will provide written notice to Defendants' counsel via email at setrench@arnstein.com and Defendants will have five (5) calendar days to cure. If Plaintiff has not received payment upon the expiration of this five (5) calendar day period, Plaintiff shall immediately be entitled to a consent judgment against Defendants, for all unpaid portions of the settlement funds for which interest shall accrue on the unpaid portion at the rate of 4.75% annually, as detailed in Florida Statute Section 55.03(1).

The portion attributable for wages will be subject to applicable withholding at the usual and customary rate. The payment to Plaintiff's counsel is for statutory attorneys' fees and costs as provided for under the FLSA and Florida Minimum Wage Amendment. The Plaintiff understands and agrees that such payment to the attorneys is in full and final satisfaction of any

| ITDB | 03-02-2016 |
|---|---|
| Initials | Date |
| | |
| Initials | Date |

claim for attorneys' fees under the Fair Labor Standards Act. Defendant makes no representation as to the tax consequences or liability arising from the payment described herein. Moreover, the Parties understand and agree that any tax consequences and/or liability arising from the payment to Plaintiff shall be the sole responsibility of Plaintiff. To this extent, Plaintiff acknowledges and agrees to assume liability for any and all income tax which may be determined to be due in connection with the payment described herein.

5. **Not an Admission of Liability.** It is understood, agreed, and stipulated between the Parties that the consideration described herein is in complete and full accord, satisfaction, and discharge of disputed wage claims, and that Defendant does not in any manner by virtue of this Agreement, or payment of the consideration therefore, admit liability to anyone as a result of any incident, act, or omission described in or cognizable by the aforementioned claims, charges or causes of action, and it is recognized that Defendants have denied and continues to deny all such allegations.

6. **Complete Agreement.** This Agreement contains the entire agreement, understanding and stipulation between the Parties hereto regarding resolution of Plaintiff's claims for unpaid wages as set forth herein. The Parties to this Agreement acknowledge that they have had full possession of any and all facts with regard to their claims or rights, and that they have had ample opportunity to consult with an attorney, any governmental agency of their choosing and/or such other advisors as they have deemed appropriate to be fully advised of the rights and obligations incurred or waived hereby. The terms of this Agreement are contractual, not mere recitals, and may be enforced in Court.

MYB    03-02-2016
_____    _____
Initials    Date

_____    _____
Initials    Date

7. Each of the Parties warrant to each other that each has full power, authority and capacity to execute this Agreement. The Parties represent to each other that the effect of this Agreement has been fully explained to each of them and the Agreement is understood and agreed to by them. Plaintiff warrants and represents that he is the owner of the claims asserted and has not transferred or assigned them, except as represented in this Agreement.

8. This Agreement is deemed to have been drafted jointly by the Parties. Any uncertainty or ambiguity shall not be construed for or against any other party based on attribution of drafting to any party. The terms of this Agreement are executed without reliance upon any representations except those contained herein, and the Parties have carefully read this Settlement Agreement and sign the same of their own free will.

9. Should any provision of this Agreement be declared or be determined by any Court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

10. This Agreement is made and entered into in the State of Florida, and shall in all respects be interpreted, enforced and governed under the laws of the State of Florida, and shall be subject to the exclusive jurisdiction of the United States District Court, Southern District of Florida, which shall retain jurisdiction to enforce this Agreement. All parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties herein. The Parties agree upon mandate from the court they will file the settlement agreement with the Clerk of Court.

_MDB_  _03-02-2016_
Initials     Date

_____  _____
Initials     Date

11. Should any party to this Agreement be required to enforce the terms of this Agreement against a breaching party, upon a proven breach, the prevailing party shall be entitled to its reasonable attorney fees and costs.

12. The Plaintiff shall not disclose, communicate, make public or publicize in any manner any problems, issues or concerns perceived to have been had with the Defendants, their officers, employees (past or present) or businesses or give any information or make any statements which might tend to impugn, disparage, defame, discredit or detract from the Defendants, their officers, employees (past or present) or businesses. Plaintiff acknowledges and agrees that this prohibition extends to statements, written or verbal, made to anyone, including but not limited to, the news media, any board of directors or advisory board or directors, competitors, strategic partners, vendors, and employees (past and present). Plaintiff shall not interfere with Defendants' relationship with, or endeavor to entice away from the Defendants, any person who was or is an employee of Defendants. Plaintiff understands and agrees that this Paragraph is a material provision of this Agreement and that any breach of this Paragraph shall be a material breach of this Agreement, and that Defendants would be irreparably harmed by violation of this provision.

13. Defendants shall not, directly or indirectly through a third party, disparage or denigrate Plaintiff. Defendants will not make any statement or take any action that is intended to disparage or denigrate Plaintiff. In the event that a prospective employer requests an employment reference for Plaintiff, the parties agree that Defendants will provide only dates of employment, and/or positions held, and/or rates of pay.

| _HDS_ | _03-02-2016_ |
|---|---|
| Initials | Date |
| _____ | _____ |
| Initials | Date |

14. This agreement may be signed in counterparts, fax copies to be considered original.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement on the dates set forth below.

AGREED AND ACCEPTED this ____ day of _____, 20___.

_____

_____, individually

and/or on behalf of _____

AGREED AND ACCEPTED this ____ day of _____, 20___.

_____

_____, individually

and/or on behalf of _____

AGREED AND ACCEPTED this _2_ day of __MARCH__, 20_16_.

_Marco De B._
_MARCO DE BIASI_, Plaintiff

MDB   03-02-2016
Initials   Date

_____   _____
Initials   Date